UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel., SCHROEDER, <br><br> Plaintiff, <br><br> v. <br><br> CH2M HILL, d/b/a CH2M HILL HANFORD GROUP, <br><br> Defendant. | No. CV-09-5038-LRS <br><br> **ORDER GRANTING MOTION TO DISMISS** |

**BEFORE THE COURT** is the United States' Motion To Dismiss Relator Pursuant To 31 U.S.C. §3730(d)(3) (ECF No. 24). This motion was heard with telephonic oral argument on May 2, 2013. Daniel H. Fruchter, Esq., argued on behalf of the United States. Jackson Schmidt, Esq., argued on behalf of the Relator, Carl Schroeder.

31 U.S.C. §3730(d)(3) of the False Claims Act (FCA) provides:

> Whether or not the Government proceeds with the action, if the court finds that the action was brought by a person who planned and initiated the violation of section 3729 upon which the action was brought, then the court may, to the extent the court considers appropriate, reduce the share of the proceeds of the action which the person would otherwise receive under paragraphs (1) or (2) of this subsection, taking into account the role of that person in advancing the case to litigation and any relevant circumstances pertaining to the violation. **If the person bringing the action is convicted of criminal conduct arising from his or her role in the violation of section 3729, that person shall be dismissed from the civil action and shall not receive any share of the proceeds of the action. Such dismissal shall not prejudice the right of the United States**

**ORDER GRANTING
MOTION TO DISMISS-                  1**

> **to continue the action, represented by the Department of Justice.**

(Emphasis added).

Mr. Schroeder has been convicted of criminal conduct arising from his role in the violation of 31 U.S.C. §3729 that is the basis of the *qui tam* action he commenced with the filing of his complaint in June 2009. (ECF No. 1). On November 3, 2011, he pled guilty to an Information charging him with "Conspiracy to Defraud the Government with Respect To Claims, in violation of 18 U.S.C. Section 286." (Plea Agreement, ECF No. 12 to CR-11-6067-LRS). He is awaiting sentencing, scheduled for October 17, 2013.

§3730(d)(3) is not ambiguous. Its plain language requires dismissal from the action of a person who has been convicted of criminal conduct arising from his role in the violation of §3729 that is the basis of his *qui tam* action. Its plain language mandates he not receive any share of the proceeds of the action. "[W]hen the statute's language is plain, the sole function of the courts- at least where the disposition required by the text is not absurd- is to enforce it according to its terms." *Hartford Underwriters Insurance Co. v. Union Planters Bank*, *N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942 (2000). In *Hartford*, the U.S. Supreme Court reiterated what it had previously said in *Connecticut National Bank v. Germain*, 503 U.S. 249, 253-54, 112 S.Ct. 1146 (1992):

> [I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. [Citations omitted]. When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete." [Citation omitted].

Furthermore, "[i]n ascertaining the plain meaning of [a] statute, the court must look to the particular statutory language at issue, as well as the language and the design of the statute as a whole." *McCarthy v. Bronson*, 500 U.S. 136, 139, 111 S.Ct.

**ORDER GRANTING
MOTION TO DISMISS-        2**

1737 (1991).

Dismissing Mr. Schroeder and precluding him from receiving a share of the proceeds of this action is not an absurd result and is consistent with §3730 as a whole. A person who has not been convicted of criminal conduct arising from his role in the violation of §3729 receives a percentage of the proceeds as set forth in §3730(d)(1) or (2), but if he "planned and initiated" the violation, the court may reduce that percentage as it deems appropriate. On the other hand, a person who has been convicted of criminal conduct arising from his role in the violation of §3729, regardless of whether he "planned and initiated" the violation, is precluded from any share of the proceeds.

31 U.S.C. §3730(d)(3) was added to the False Claims Act in 1988 as part of the Major Fraud Act. Since then, it appears there has not been a single case where a court has awarded a share of the proceeds to a person bringing the action who has been convicted of criminal conduct arising from his role in the violation of §3729. Instead, courts have consistently recognized that §3730(d)(3) means precisely what it says. *U.S. ex rel. Chandler v. Cook County, Ill.*, 277 F.3d 969, 976 (7th Cir. 2002)("If the relator himself planned or was guilty of violations of the FCA, the court may dismiss his suit"); *U.S. ex rel. Taxpayers Against Fraud v. General Elec. Co.*, 41 F.3d 1032, 1035 (6th Cir. 1994)("[i]f the relator 'planned and initiated' the fraud, the court may substantially reduce the award, but should also consider the 'role of that person in advancing the case to litigation;' however, a relator convicted of criminal conduct relating to the fraud cannot collect"); *U.S. v. Northrop Corp.,* 5 F.3d 407, 408 n. 1 (9th Cir. 1993); *U.S. ex rel Green v. Service Contract Educ. and Training Trust Fund*, 843 F.Supp.2d 20, 28 n. 6 (D.D.C. 2012)(A *qui tam* suit is barred "[i]f the person bringing the action is convicted of criminal conduct arising from his or her role in the violation of section 3729," but defendant's criminal conduct did not relate to the FCA violations he alleged); *Kahn*

**ORDER GRANTING
MOTION TO DISMISS-            3**

*v. The Money Store Inv. Corp.*, 2003 WL 22427749 at *2 (N.D. Tex. 2003) ("Plaintiff concedes that he was convicted of criminal conduct relating to the claim raised in his complaint" and "[c]onsequently, he is precluded from bringing this action under the FCA" and therefore, magistrate judge recommended that Plaintiff's complaint be summarily dismissed). [1]

Although Mr. Schroeder may not have "planned and initiated" the violation, his culpability for the time card fraud at issue is not insignificant. His knowledge of the fraud goes back to 2002. In the section of his Plea Agreement setting forth the factual basis for his guilty plea, it states: "Upon first starting to work for CH2M Hill at the Tank Farms in January of 2002, CARL SCHROEDER learned of the time card fraud scheme and conspiracy. Specifically, it was accepted practice at CH2M Hill to claim more hours on a time card than were actually worked." As set forth in his Plea Agreement, he participated in the fraud for over four years (May 2004 to October 2008).

The record indicates Mr. Schroeder did not approach investigators on his own initiative. Instead, the Department of Energy (DOE) Office of Inspector General (OIG) approached Mr. Schroeder as part of an investigation it commenced following receipt in 2008 of an anonymous complaint. Mr. Schroeder was not the source of the anonymous complaint. During interviews with DOE OIG in December 2008 and January 2009, Mr. Schroeder revealed his participation in the time card fraud. In May 2009, DOE OIG formally referred its investigation to the U.S. Attorney's Office for the Eastern District of Washington. The referral specifically named Mr. Schroeder as an individual who had engaged in fraud. Mr. Schroeder subsequently filed his 31 U.S.C. §3729 *qui tam* action on June 1, 2009,

---

[1] This recommendation was subsequently adopted by a district judge. 2003 WL 22660453 (N.D. Tex. 2003).

**ORDER GRANTING**
**MOTION TO DISMISS-         4**

a number of months after he had already admitted his wrongdoing to DOE OIG. In August 2009, he was interviewed by DOE OIG and counsel for the Government. Prior to this interview, he was read his *Miranda* rights and notified of the pending criminal investigation into conduct that was the subject of his *qui tam* complaint. Not long after an Information was filed against him on September 28, 2011, he pled guilty on November 3, 2011 to conspiracy to commit fraud.

    Mr. Schroeder did not have to plead guilty. With the assistance of counsel, he knowingly and voluntarily pled guilty. He knew or should have known of the implications this would have for his ability to recover a share of the proceeds in his *qui tam* action. He reached a plea deal with the Government which appears very favorable to him. It allows him an opportunity to provide "substantial assistance" and if he does so, the Government will move for a downward departure at the time of sentencing. (See Plea Agreement at Paragraph 10). Furthermore, the Plea Agreement (Paragraph 13) provides for a $50,000 "Criminal Fine in lieu of Restitution." The court has to believe that if Mr. Schroeder were ordered to pay restitution for his time card fraud over four and half years, it would likely exceed $50,000, and perhaps significantly so.

    The United States' motion (ECF No. 24) is **GRANTED**. Relator Carl Schroeder is **DISMISSED** from this action and shall not receive any share of the proceeds of this action. This result is required by virtue of the plain language of 31 U.S.C. §3730(d)(3). It an equitable result as matter of law, as well as because of the particular factual circumstances set forth herein.[2]

---

    [2] It is noted that if Mr. Schroeder were not subject to the prohibition in §3730(d)(3) and not considered to have "planned and initiated" the violation, he would stand to receive a multimillion dollar recovery pursuant to §3730(d)(1).

**ORDER GRANTING**
**MOTION TO DISMISS-    5**

1  **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2  Order and provide copies of it to counsel of record.
3      **DATED** this ___13th___ day of May, 2013.

          *s/Lonny R. Suko*
          _____
          LONNY R. SUKO
          United States District Judge

ORDER GRANTING
MOTION TO DISMISS-            6